FILED
DISTRICT COURT OF GUAM
JAN - 6 2005
MARY L.M. MORAN
CLERK OF COURT



DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| FAYE ARAGON,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM MEMORIAL HOSPITAL MEDICAL STAFF, ATTENDING PHYSICIANS AND NURSES,<br><br>Defendants. | Civil Case No. 04-00055<br><br>ORDER Granting Application to Proceed Without Prepayment of Fees **and** RECOMMENDATION of Dismissal |

On December 30, 2004, the Plaintiff, *pro se*, initiated the instant action by filing a Complaint and Application to Proceed Without Prepayment of Fees and Affidavit ('the Application"). The Court has reviewed the Complaint and Application and hereby issues this Order and Recommendation.

I. The Application

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Upon review of the Application filed herein, the Court concludes that the Plaintiff is unable to pay the filing fees. Accordingly, the Court hereby GRANTS the Application. The Clerk of Court, however, shall not issue the summons until further Order of the Court.

II. The Complaint

A court is under a continuing duty to dismiss a case whenever it determines that the

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissals for failure to state a claim are proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir.1993) (*quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In making this determination, courts must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). Additionally, in cases involving plaintiffs proceeding *pro se,* courts will construe the pleadings liberally and afford the plaintiffs the benefit of the doubt. Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 521 (1972).

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

In this instance, the Plaintiff's Complaint alleges in its entirety: "Multiple complaints on Medical Malpractice, Federal/Criminal/Civil Rights Violation, Attempted Murder, Obstruction of Evidence, Third Party Manipulation, Inflicting Conflict, and False Statements." The Complaint then seeks the following relief: "Appropriate compensation and punitive damages. Additional compensation on loss of income, expenses incurred, loss of/damage to property, disrupted obligations, personal safety, abnormal standard of living, trauma and fatigue, extreme suffering, other cases incurred."

Even under the most liberal construction, the Plaintiff's Complaint does not allege any facts to support her claim and therefore fails to meet the minimum pleading requirements of the federal rules. Accordingly, the Court hereby RECOMMENDS that this case be dismissed for failure to state a claim. The Plaintiff may file an amended complaint,

curing the deficiency noted above, within 30 days of the date of this Order. The Plaintiff is advised that failure to file an amended complaint may result in the dismissal of this action. Furthermore, the Plaintiff may file a written objection to this Recommendation within ten (10) days after being served with a copy thereof.

SO ORDERED this 6th day of January 2005.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge